### McLENDON *vs.* STOKES.

AUDITOR'S REPORT, FROM TERRELL. Evidence. Homestead. Auditors. (Before Judge Fort.)

Blandford, J.—Where certain land sued for was described as being in the second and third districts of Lee county, and the deed under which it was claimed described it in the same way, but testimony was introduced to show that the land was in Terrell county, which had been made, in large part, from Lee county, and on the trial the record of the setting apart of the homestead was offered in evidence, which contained the plat of the county surveyor, showing the lands set apart

as being lots numbers 33 and 34 in the sixth district of Terrell county, and. lot number 33 of the second district, while the description in the surveyor's affidavit stated them as being in the second and third districts of Lee county, the land embraced in the homestead was sufficiently identified as being that in controversy, and it was error to reject the record of the setting apart of the homestead from evidence.

(a) The case having been referred to an auditor, and he having rejected the record when offered in evidence, an exception to his report on that ground should have been sustained.

Judgment reversed.

D. A. Vason, by brief; Simmons & Guerry, for plaintiff in error.

Hawkins & Hawkins; E. G. Simmons; J. G. Parks, for defendant.

